UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KENDRA LYLES,

    Plaintiff,

v().   Case No. 3:24-cv-224-TJC-PDB

AMAZON SERVICES.COM, LLC,

    Defendant.

**<u>ORDER</u>**

Proceeding without a lawyer, plaintiff Kendra Lyles filed this lawsuit on September 25, 2023 in state court against her former employer, Amazon.com Services, LLC.[1]  On March 1, 2024, defendant removed the suit to federal court on grounds of federal question and diversity jurisdiction, stating in its notice of removal that although it became aware of the lawsuit, it had not been served with process (nor has it still).  <u>See</u> Doc. 1.  The case is now before the Court on multiple pending motions and responses thereto.

First, to the extent plaintiff is challenging whether defendant properly removed the suit, the Court determines removal was proper on the basis of both federal question (bringing claims under Title VII and the ADA) and diversity

---

[1] Plaintiff later filed an amended complaint incorrectly naming Amazon Serrvices.com, LLC as the defendant.

(plaintiff, a citizen of Florida, sues defendant, a citizen of Delaware and Washington, in an amount in excess of $75,000 exclusive of interest and costs). See 28 U.S.C. §§ 1331, 1332(a), 1441(a). And because defendant had not been served by the time of removal, the removal was timely. Thus, this case is properly before this federal court and plaintiff's motion to dismiss the notice of removal will be denied.

Second, a lawsuit cannot proceed until the plaintiff serves the defendant with process. (For this reason (and others), plaintiff's efforts to secure judgment by default are due to be denied.) Plaintiff states she attempted to serve defendant without success. See Doc. 6 at ¶ 2. In state court, plaintiff was declared indigent. See Doc. 1 at Exhibit 2 (state court docket) at D6. In federal court, the U.S. Marshals Service can serve process for an indigent plaintiff, assuming the plaintiff provides the completed summons with the correct address. Although defendant so far has not elected to waive service, the Court may direct it to reconsider since it has had notice of this case nearly from the start and doing so would save the Marshals from serving the complaint.

However, before going through the effort of effecting (or waiving) service, the Court has reviewed the file and agrees with defendant that all or most of plaintiff's claims are likely barred, either because she failed to include them in her EEOC charge or because the EEOC 90-day filing deadline expired before

she filed suit. Even if this were not the case, plaintiff's amended complaint (Doc. 15), like her original complaint, is replete with unintelligible matter, fails to comply with the Local Rules with regard to formatting, and is a "shotgun pleading" in that her amended complaint raises numerous causes of action all in one count (or possibly two, it is difficult to tell). See, e.g., Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (explaining that each cause of action must be separated into a separate count and should not adopt the allegation of preceding counts).

The Court will not schedule the case further until plaintiff files a proposed Second Amended Complaint that cures these defects.[2] In preparing the Second Amended Complaint, plaintiff is directed to review the materials on the Court's website (www.flmd.uscourts.gov) for litigants proceeding without a lawyer and the Court's Local Rules, also available on the Court's website.[3] Further, to the extent she includes claims that arise out of her EEOC charge, she must file a memorandum explaining why those claims are not time-barred. If she includes claims that could have been brought in her EEOC charge but were not, her memo must explain why those claims are not barred as well.

---

[2] Plaintiff's proposed Second Amended Complaint should properly name defendant as Amazon.com Services, LLC.

[3] Viewing terminals are available in the Clerk's Office.

Once the Court reviews the proposed Second Amended Complaint and accompanying memorandum, it will determine whether this case can proceed.[4]

Accordingly, it is hereby

**ORDERED**:

1. Plaintiff's Motion to Fraud Notice of Removal and Continuance Hearing Final Judgment (Doc. 6) is **DENIED**.

2. Defendant's Motion to Stay Submission of the Case Management Report (Doc. 19) is **GRANTED**. The Court will set case deadlines by separate order as appropriate.

3. Plaintiff's Motion for Final Judgment (Doc. 20) is **DENIED**.

4. Plaintiff's Motion to Reopen Schedule Next Court Room Order Setting Case Management Conference/Demand Fair Jury Trial Hearing (Doc. 24) is **DENIED**.

5. Defendant's Motion to Dismiss (Doc. 26) is **MOOT** in light of the above rulings.

6. Plaintiff's Motion to Revoke Defendant Group/CMC Meeting Schedule for Fair Jury Trial Hearing (Doc. 28) is **DENIED**.

---

[4] In the event the Court permits the case to proceed, plaintiff will be directed to cooperate with defendant with regard to conferring as required by the rules. Plaintiff may not refuse to accept communications from defendant regarding this lawsuit. See Doc. 21.

4

7. No later than **February 20, 2025**, plaintiff must file a proposed Second Amended Complaint as well as a memorandum as stated above. If plaintiff fails to file a Second Amended Complaint (and an accompanying memorandum as appropriate) by the **February 20, 2025** deadline, this case will be dismissed without prejudice for failure to prosecute without further notice.

**DONE AND ORDERED** in Jacksonville, Florida this 30th day of January, 2025.



TIMOTHY J. CORRIGAN
Senior United States District Judge

s.
Copies:
Counsel of record
Pro se plaintiff